**Gjergj PJETRI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–4807–ag.**

United States Court of Appeals, Second Circuit.

May 30, 2007.

Aleksander Milch, Christophe & Associates, New York, NY, for petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Kevin M. Mulcahy, Assistant United States Attorney, Detroit, MI, for respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Gjergj Pjetri, a native of the former Yugoslavia and citizen of the former state of Serbia–Montenegro, seeks review of a September 25, 2006 order of the BIA affirming the May 25, 2005 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his applications for asylum and withholding of removal. *In re Gjergj Pjetri,* No. A98 477 576 (B.I.A. Sept. 25, 2006), *aff'g* No. A98 477 576 (Immig. Ct. N.Y. City May 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Here, the IJ found that Pjetri could not meet his burden of proof for either asylum or withholding of removal solely because he failed to demonstrate the requisite nexus to a protected ground. The BIA agreed with this finding, but also provided other reasons for concluding that Pjetri failed to meet his burden of proof. Because we find, as did the IJ, that nexus is dispositive in this case, we review the IJ's and BIA's analysis of that issue only, without reaching the merits of the BIA's additional findings. *See Dong Gao v. BIA,* 482 F.3d 122, 125–27 (2d Cir.2007); *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006).

We review legal issues, and the application of law to fact, de novo. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the agency was not compelled to conclude that the Albanian National Army ("AKSH") tried to recruit Pjetri on account of his political opinion or his membership in a particular social group.

*See id.*, *INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "Persecution on account of . . . political opinion" focuses on the victim's political opinion, not that of the persecutor, and there was no indication in Pjetri's testimony that the AKSH was aware of his political opinion, much less sought to harm him because of it. *See id.* at 482, 112 S.Ct. 812.

Although Pjetri testified that he was a member of the Democratic League of Kosovo ("DLK"), which had a different political philosophy than the AKSH, he testified that he believed the AKSH tried to recruit him because of his former military experience, not because of his political activities. Moreover, he admitted that his entire family, including his brother, were also DLK members, yet explained that only he was targeted, "because [he] was more prepared physically and had been trained." In light of this testimony, the agency was not compelled to conclude that the AKSH were substantially motivated to harm Pjetri because of his DLK membership. *See id.* at 482–83, 112 S.Ct. 812.

Moreover, we concur with the BIA that Pjetri did not establish persecution on account of his membership in a particular social group. Although his Albanian ethnicity and former military experience are documented, *see Matter of Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A.1985), the record does not suggest that these characteristics were "recognizable and discrete," such that Pjetri and others sharing them would be "perceived as a group by society" in Kosovo. *Matter of C–A–*, 23 I. & N. Dec. 951, 956 (B.I.A.2006). Because the record does not suggest that such individuals were targeted for mistreatment in Kosovo, or that the AKSH had any motivation other than increasing the size and caliber of their forces, the agency reasonably concluded that Pjetri failed to establish that he was targeted for recruitment because of his membership in any particular social group. *See Matter of A–M–E & J–G–U–*, 24 I. & N. Dec. 69, 75–76 (B.I.A.2007) (internal quotations omitted).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).